IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLIFF A. DURIO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:20-CV-1334-P |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Cliff A. Durio, a federal prisoner who was confined at FMC-Fort Worth at the time the petition was filed, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to prosecute or, in the alternative, for mootness.

**I. BACKGROUND**

At the time Petitioner filed the instant petition, he was confined at FMC-Fort Worth awaiting transfer to a residential reentry center (RRC) scheduled for February 17, 2021, with a projected release date of August 11, 2021. Resp't's Resp. 2, ECF No. 6. In this petition, Petitioner claims that the Bureau of Prisons (BOP) has failed to apply his "Earned Time" credits for "Evidence-Based Recidivism Reduction Training" under the First Step Act. Pet. 5, ECF No. 1. According to his calculations, had the BOP given him credit for his participation in the training program, he should have been released on November 19, 2020.

*Id.* Respondent asserts that the petition should be dismissed on exhaustion grounds. Resp't's Resp. 1, ECF No. 6.

## II. DISCUSSION

Notwithstanding the argument of the parties, the BOP's website indicates that Petitioner is no longer confined at FMC-Fort Worth, apparently having been released to a residential reentry facility in or around San Antonio, Texas. *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS/INMATE LOCATOR, http://www.bop.gov. (last visited Apr. 12, 2021). As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen,* 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner has not provided a change of address to the clerk of Court and his whereabouts are unknown. Furthermore, Petitioner's release arguably renders the petition moot.

## III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to prosecute or, in the alternative, as moot.

**SO ORDERED** on this 12th day of April, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2